BRIAN A. VOGEL, SBN 167493
EMAIL: brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE LEE HOYT, an individual, | CASE NO. CV09-05033 JHN (JCx) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| vs. | |
| THE CITY OF SIMI VALLEY, THE SIMI VALLEY POLICE DEPARTMENT, POLICE CHIEF MIKE LEWIS, OFFICER CHRISTOPHER LAM, OFFICER JEFFERY O'BRIEN AND DOES 1-10, inclusive. | Date:  November 1, 2010<br>Time:  10:30 a.m.<br>Crtrm: 580-5th Floor<br>       255 E. Temple Street<br>       Los Angeles, CA |
| Defendants. | |

## I. FACTUAL CONTENTIONS

**A.    Statement of the Case.**

This case involves allegations of excessive force by police officers investigating a claim of domestic disturbance on a public street as well as the subsequent wrongful arrest and incarceration of Plaintiff. Plaintiff maintains claims as to individual Defendant

1

police officers Lam and O'Brien for: (1) Violation of Civil Rights (42 U.S.C. § 1983, 4th and 14th Am.); (2) Battery; (3) Negligence; (4) Violation of Cal. Const. Article I § 13; and (5) Violation of C.C.P. § 52.1. Plaintiff's Section 1983 claims against the officers are specifically for violations of her civil rights to be free from excessive and unreasonable force, from abuse of process, from malicious prosecution and from a conspiracy to falsify evidence of the crimes of resisting arrest and battery on a police officer and thereafter to prosecute Plaintiff. Plaintiff previously agreed to dismiss her *Monell* claim against the other Defendants.

On July 12, 2008, Plaintiff and her companion, Greg Sharp, attended a wedding. After leaving the wedding, Plaintiff and Mr. Sharp went to Season Ticket, a restaurant and bar located approximately three blocks away from Mr. Sharp's residence.

A few minutes after midnight on July 13, 2008, after consuming a couple of drinks at Season Ticket, Plaintiff and Mr. Sharp began walking towards his residence. While walking, Plaintiff and Mr. Sharp were stopped by Defendant Officer Christopher Lam a short distance away from Mr. Sharp's residence. Officer Lam ordered Plaintiff and Mr. Sharp to sit on the ground. Mr. Sharp complied, but Plaintiff was reluctant to sit immediately on the ground because she did not know the reason for the request, nor did she want to soil her wedding attire.

Defendant Officer Jeffrey O'Brien arrived shortly after Officer Lam detained Plaintiff and Mr. Sharp. Two additional police officers arrived shortly after that. Officer

Lam informed Plaintiff and Mr. Sharp that the Simi Valley Police Department ("SVPD") had received a call of a domestic disturbance and asked Plaintiff and Mr. Sharp for their identification. Plaintiff, while standing in front of Officer Lam, moved her small purse hanging over her shoulder from her back to her front. When she had the flap of her purse open and her hand inside, while reaching for her identification inside, Officer Lam asked a question to the effect of, "Are you getting your identification?" or "What do have in there?" Plaintiff replied, in an obviously facetious tone of voice, "No, I got a gun in here too."

Officer Lam immediately grabbed Plaintiff and threw her to the ground violently. Officer Lam then took out his billy club and hit Plaintiff numerous times all over her body causing her to cry out in pain. Plaintiff did not know why she was being struck and began yelling, "What are you doing?" She told the officers she had been kidding, and she continued to cry out in pain. Defendants Lam and O'Brien continued to strike Plaintiff with billy clubs even after Plaintiff's right hand had been secured in a handcuff. Neither Plaintiff nor Mr. Sharp knew why the officers were striking Plaintiff. Mr. Sharp was handcuffed and placed into the back of a police cruiser.

After cuffing Plaintiff's right hand, Officer Lam and two other officers carried Plaintiff to Officer Lam's police cruiser. An officer attempted to cuff Plaintiff's left hand. However, due to shock and confusion over why she was being beaten and arrested, Plaintiff did not immediately put her left arm behind her back. She repeatedly asked why

she was being arrested. After a short time, Plaintiff put her left hand behind her back. Defendant O'Brien then took out his billy club and struck Plaintiff three times on and around her right knee, inflicting painful injury. Plaintiff was then shoved into Officer Lam's police cruiser in handcuffs.

Officer Lam took Plaintiff to the jail. After they arrived, Plaintiff had to ask for medical attention repeatedly before she was taken to the hospital, treated for her injuries, and then medically cleared for booking in the jail. Plaintiff was booked at the Ventura County Main Jail for alleged violations of California Penal Code §§ 422 (criminal threats), 647(f) (drunk in public), and 148(a) (resisting arrest). On July 15, 2008, Plaintiff was charged in Ventura County Superior Court Case No. 2008028446 with a violation of Penal Code § 647(f) (public intoxication).

The criminal complaint was based on evidence falsified by Defendants Lam, O'Brien and the two unknown officers. Specifically, the police reports contain materially false descriptions of the events of July 13, 2008, and fail to mention material facts, including but not limited to, the fact that Plaintiff was beaten with batons. Unable to prosecute based on the false reports and statements by Defendant officers, the District Attorney moved to dismiss the case in its entirety on November 24, 2008.

The foregoing version of events is supported by testimony from the Plaintiff and her former boyfriend, Greg Sharp. Mr. Sharp also took pictures of Ms. Hoyt shortly after she was released from jail. The photos depict Ms. Hoyt covered in bruises, many of

which resemble baton strikes. If Plaintiff and Mr. Sharp are to be believed, her excessive force claims are compelling and likely to succeed.

Liability is predicated as follows:

The First Claim for Relief is for violation of 42 U.S.C. §1983 against Defendant Officers Lam and O'Brien for depriving Plaintiff, under color of law, of: (1) Plaintiff's right to be free from excessive and unreasonable force in violation of her rights protected under the 4th and 14th Amendments; (2) the right to be free from abuse of process; (3) the right to be free from malicious prosecution; and (4) the right to be free from a conspiracy to falsify evidence of violations of California Penal Code §§ 422 (criminal threats), 647(f) (drunk in public), and 148(a) (resisting arrest). The second and third claims for relief are for battery and negligence based upon the same nucleus of facts presented in the first claims. Plaintiff's fourth and fifth claims for relief are for attendant violations of California state law under California Constitution, Article 1, § 13 and C.C.P. § 52.1.

**B.  Personal Injury Information.**

Plaintiff's medical expenses include a $211 bill for emergency room treatment. Plaintiff spent approximately three days in jail, and thereby suffered significant noneconomic damages to her reputation and suffered fear, embarrassment, anxiety and humiliation as a result of her wrongful incarceration. She also suffered loss of income from missing at least two days of work. As a result of the incident, she suffered severe pain, bruising and discomfort for over a month and continues to suffer from mental

anguish arising from the incident. Statutory damages in an amount to be determined by the jury and civil penalties of up to $25,000 are also available per C.C.P. section 52(a) and (b).

### C.     Comparative Fault.

The comparative fault standard is not applicable to Plaintiff's claims.

## II. ISSUES OF LAW

### A.     Elements Required to Establish Plaintiff's Claims.

Defendants' liability is founded, primarily, under 42 U.S.C. § 1983, which provides, in relevant part, "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privilege, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Defendants' use of excessive force on Plaintiff is actionable under 42 U.S.C. § 1983. *Monroe v. Pape* 365 U.S. 167 (1961).

Under Section 1983, individual liability lies where (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution of the United States. *Smith v. City of Fontana*, 818 F.2d 1411, 1415 n.5 (9th Cir. 1987). In evaluating a § 1983 claim against an officer, the court applies a two-part analysis. The "threshold

question" is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (abrogated in part on other grounds by *Pearson v. Callahan*, ---U.S. ----, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)). "If the Constitution was not violated, that is the end of the inquiry. If there was a violation, however, the courts proceed to the question of qualified immunity. Officers are protected by qualified immunity, which is "an immunity from suit rather than a mere defense to liability," *Pearson* 129 S.Ct. at 815.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." When a plaintiff claims that he was not "secure in his person" because law enforcement officers used excessive and, therefore, "unreasonable" force in the course of an arrest, the court balances "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against 'the countervailing government interests at stake.'" *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir.2003) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In conducting this inquiry, the court applies a three-step analysis. First, the court assesses the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type and amount of force inflicted. Second, the court analyzes the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the

officers or others; and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Id.* At the second stage of the analysis, the court may also consider other factors, such as "the availability of alternative methods of capturing or subduing a suspect." See *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005).

Finally, the court weighs the gravity of the intrusion against the government's interest to determine whether the force used was constitutionally reasonable. *Miller, supra*, 340 F.3d at 964. "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.... [P]olice officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In addition to the *Graham/Miller* factors, a consideration of the totality of the circumstances may look to other factors as well. See *Forrester v. City of San Diego*, 25 F.3d 804, 806 n. 2 (9th Cir. 1994). In particular, the availability of alternative methods is a proper factor to consider. *Smith, supra*, 394 F.3d at 701.

The doctrine of qualified immunity shields the officers "from liability for civil damages [unless their conduct violated] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A right is "clearly established" if " 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted.' " *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir.2003) (quoting *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151). An officer will therefore be entitled to qualified immunity even if he was mistaken in his belief that his conduct was lawful, so long as that belief was reasonable. *Id.* at 955.

Under California law, the elements of battery are as follows: (1) Defendants intentionally performed an act that resulted in a harmful or offensive contact with Plaintiff's person; (2) Plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to Plaintiff. *Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-27 (2009). When a state law battery claim is brought against a police officer, "a plaintiff must prove that the peace officer's use of force was unreasonable.... The question is whether a peace officer's actions were objectively reasonable based on the facts and circumstances confronting the peace officer." *Id.* at 527. The elements of negligence are a duty to use due care and a breach of that duty which proximately causes the plaintiff's injuries. See *Musgrove v. Ambrose Properties* (1978) 87 Cal.App.3d 44, 53.

Each of these claims and all of Plaintiff's remaining pendent state claims arise from the same nucleus of operative facts and will succeed or fail based upon whether the jury believes that the officers negligently or intentionally used excessive force against her by beating her with their batons in violation of her civil rights under the California Constitution and California law.

B.   **Plaintiff's Key Evidence In Support of Each Claim.**

**Plaintiff's First Claim against Defendants Lam and O'Brien under 42 U.S.C. § 1983 for 4th and 14th Amendment Violations: (1) excessive force; (2) abuse of process; (3) malicious prosecution; and (4) conspiracy to falsify evidence of crimes.**

(a)   The ultimate facts required to prove the claim: 42 U.S.C. § 1983:

First, Plaintiff must prove that Defendants have deprived her of a right secured by the Constitution and laws of the United States. Second, Plaintiff must show that Defendants deprived her of the constitutional rights under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Excessive force: Plaintiff must show that the degree of force used in making the arrest was unreasonable based upon the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in the case. The determination of reasonableness of degree is judged from the perspective of a reasonable officer on the scene, rather than with hindsight.

Abuse of Process: Plaintiff must prove the wrongful use of process by showing some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process.

Malicious Prosecution: In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and

without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (citation omitted).

Conspiracy to Falsify Evidence of Crimes: Plaintiff must prove that Defendants conspired together to deprive Plaintiff of her equal protection under the laws by falsifying evidence of a crime.

**(b)    The evidence relied upon to prove each element of the claim:**

(1)    At all times during the incidents, Defendants Lam and O'Brien acted under color of law as police officers for the City of Simi Valley.

(2)    In his capacity as a police officer for the City of Simi Valley, on July 13, 2008, Officer Lam intentionally deprived Plaintiff of her 4th Amendment rights to be free from unreasonable seizure by subjecting Plaintiff to the excessive use of force by grabbing Plaintiff and throwing her to the ground violently and hitting Plaintiff numerous times all over her body with his billy club. Officer O'Brien deprived Plaintiff of her 4th Amendment rights along with Officer Lam by striking Plaintiff with billy clubs after Plaintiff's right hand had been secured in a handcuff and by striking her in the knee three times with his billy club after Plaintiff put her right hand behind her back.

(3)    That there was no objectively reasonable basis for subjecting Plaintiff to the use of force employed by Defendants, because he had no criminal record, was unarmed, was not a fleeing felon, and posed no serious threat of serious bodily harm to the officers

present or anyone else.

(4) Plaintiff was booked at the Ventura County Main Jail for alleged violations of California Penal Code §§ 422 (criminal threats), 647(f) (drunk in public), and 148(a) (resisting arrest). On July 15, 2008, Plaintiff was charged in Ventura County Superior Court Case No. 2008028446 with a violation of Penal Code § 647(f) (public intoxication). Plaintiff spent three days in jail as a result.

(5) Defendants Lam and O'Brien provided falsified evidence to support the criminal complaint. Specifically, Defendants' police reports contain materially false descriptions of the events of July 13, 2008, and fail to mention material facts, including but not limited to, the fact that Plaintiff was beaten with batons.

(6) Unable to prosecute based on the false reports and statements by Defendant officers, the District Attorney moved to dismiss the case in its entirety on November 24, 2008.

(7) Because of Defendants' use of excessive force on Plaintiff, Plaintiff suffered medical expenses and significant noneconomic damages to her reputation and suffered fear, embarrassment, anxiety and humiliation as a result of her wrongful incarceration. She also suffered loss of income from missing at least two days of work. As a result of the incident, she suffered severe pain, bruising and discomfort for over a month and continues to suffer from mental anguish arising from the incident.

/ / /

**Plaintiff's Second Claim against Defendants Lam and O'Brien for Battery.**

(a) The ultimate facts required to prove the claim: Plaintiff must prove that Defendants intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person, Plaintiff did not consent to the contact, and the harmful or offensive contact caused injury, damage, loss or harm to Plaintiff. For battery in relation to police officers use of force, Plaintiff must show that Defendants used unreasonable or excessive force in making the arrest and during the detention. The battery is equivalent of the amount of unreasonable or excessive force found to be used.

(b) The evidence relied upon to prove each element of the claim:

(1) On July 13, 2008, Defendants Lam and O'Brien committed battery against Plaintiff by grabbing Plaintiff and throwing her to the ground violently and hitting Plaintiff numerous times all over her body with billy clubs.

(2) As a result of the incident, she suffered medical expenses, severe pain, bruising and discomfort for over a month and continues to suffer from mental anguish.

**Plaintiff's Third Claim against Defendants Lam and O'Brien for Negligence.**

(a) The ultimate facts required to prove the claim: Plaintiff must prove that Defendants had a duty to use due care and breached that duty which proximately caused injury to Plaintiff.

(b) The evidence relied upon to prove each element of the claim: Please see evidence listed under first two claims.

**Plaintiff's Fourth Claim against Defendants Lam and O'Brien for Violation of California Constitution, Article 1, § 13.**

(a) The ultimate facts required to prove the claim: Plaintiff must prove unreasonable search and/or seizure of her person and/or the use of excessive force against her.

(b) The evidence relied upon to prove each element of the claim: Please see evidence listed under first two claims.

**Plaintiff's Fifth Claim against Defendants Lam and O'Brien for Violation of C.C.P. § 52.1.**

(a) The ultimate facts required to prove the claim: Plaintiff must prove per *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004) that Plaintiff's state or federal rights were violated via threats, intimidation or coercion. Since these claims are state law claims, the municipal defendants are liable under the doctrine of respondent superior. *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 209-10 (1991) (Under Cal. Gov't Code § 815.2(a), City of Los Angeles properly sued for LAPD officer's on-duty rape of arrestee); *Robinson v. Solano County*, 278 F.3d 1007, 1038 (9th Cir. 2002) (en banc) ( California holds [governmental entities] liable for acts of their employees under the doctrine of respondeat superior ... ).

(b) The evidence relied upon to prove each element of the claim: Please see evidence listed under first two claims.

### III. EVIDENTIARY PROBLEMS

The evidentiary issues in dispute are specifically identified and addressed in both the Plaintiff's and Defendants' motions in limine.

### IV. BIFURCATION OF ISSUES

Plaintiff does not request any bifurcation of issues in this matter.

### V. JURY TRIAL

Timely demand was made by Plaintiff for a jury trial in this matter.

### VI. ATTORNEY'S FEES

Plaintiff agrees that the Court reserve jurisdiction for the purpose of determining after trial the amount of attorney's fees to be granted pursuant to 42 U.S.C. § 1988.

### VII. ABANDONMENT OF ISSUES

Plaintiff previously agreed to dismiss her *Monell* claim against the other Defendants but is otherwise not abandoning any issues.

Dated: October 11, 2010          LAW OFFICES OF BRIAN A. VOGEL, PC

*/s/ Brian Vogel*
By: Brian A. Vogel
Attorney for Plaintiff, Michele Hoyt